IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFRY IAN COOK,

    Petitioner,                    No. CIV S-10-2744 MCE GGH (HC)

    vs.

GARY SWARTHOUT,                ORDER AND

    Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the August 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 28, 2011, the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011).

        The parties have timely filed briefing, yet for the reasons set forth in the prior order, it appears there is no federal due process requirement for a "some evidence" review, thus the federal courts are precluded from a review of the state court's application of its "some

1

evidence" standard.[1]

A review of the petition in this case demonstrates that Claims A, B, and C are based on alleged violations of California's "some evidence" requirement. Therefore, these claims should be denied.

Petitioner's remaining claim, Claim D, alleges that the Board held petitioner's parole hearing under an illegal ex post facto law, or Marsy's Law. That claim should be dismissed in light of the class action, Gilman v. Fisher, CIV-S-05-0830 LKK GGH. The parameters of the Gilman class, as is made clear in the Order certifying the class, include petitioner. Order, filed on March 4, 2009, in Gilman v. Fisher, CIV-S-05-0830 LKK GGH.[2]

The Gilman class is made up of:

> California state prisoners who: "(i) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions.

Id., p. 10.[3]

What is at issue in the suit are: "the procedures used in determining suitability for parole: the factors considered, the explanations given, and the frequency of the hearings." Id., p. 8 [emphasis in original]. The "frequency of the hearings" is precisely what is at issue in Claim D of the instant petition.

As all of petitioner's claims are precluded under Swarthout and Gilman

---

[1] The court notes some perversity in the result here. Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence." Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985). Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003). However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint. Nevertheless, such is the state of the law.

[2] See Docket # 182 of Case No. 05-CV-0830.

[3] As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying the class. See Docket # 258 in Case No. 05-CV-0830.

respectively, as described above, the undersigned will recommend that the petition be denied.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's October 20, 2010 motion to proceed in forma pauperis (Doc. #8) is denied as moot.

Also, IT IS HEREBY RECOMMENDED that the petition be denied.

If petitioner files objections, he shall also address if a certificate of appealability should issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2011            /s/ Gregory G. Hollows

                                                        GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:014
cook2744.fr